687 P.2d 569

**George Thaine LOUGHMILLER,
Claimant-Respondent,**

v.

**INTERSTATE FARMLINES, INC.,
Defendant-Respondent,**

and

**Leatham Brothers, Inc.,
Defendant-Appellant.**

No. 14965.

Supreme Court of Idaho.

July 20, 1984.

Rehearing Denied Sept. 28, 1984.

Wes L. Scrivner, Boise, and Harry D. Pugsley, Salt Lake City, Utah, for defendant-appellant.

Emil F. Pike, Twin Falls, for respondents.

HUNTLEY, Justice.

The claimant, George Loughmiller, suffered serious injuries in an industrial accident in June of 1979 while employed as a truck driver for Interstate Farmlines, Inc. The Interstate Farmlines truck and its driver were under lease to Leatham Brothers, Inc.

A claim was filed against both Interstate and Leatham Brothers. Following a hearing, the Industrial Commission entered an order determining that Leatham Brothers was a statutory employer under Idaho Code § 72–102(10). Claimant's right to compensation benefits was not disputed by either Interstate or Leatham, however each took the position that the other should pay them. The hearing did not proceed to a determination of the nature and extent of claimant's entitlement to benefits. The Commission suspended all further proceedings pending this appeal by Leatham Brothers with the consequence that the claimant has received no workmen's compensation benefits of any kind or nature whatsoever for nearly five years.

■ The ruling that Leatham Brothers was indeed a statutory employer is affirmed and the Commission is hereby directed to comply forthwith with the provisions of Idaho Code § 72–313.[1]

■ The Commission is further ordered to direct payment by the appropriate party to claimant of any attorneys fees, interest, or other expenses or sanctions which might

1. **72–313. Payment pending determination of policy coverage.**—Whenever any claim is presented and the claimant's right to compensation is not in issue, but the issue of liability is raised as between an employer and a surety or between two (2) or more employers or sureties, the commission shall order payment of compensation to be made immediately by one or more of such employers or sureties. The commission may order any such employer or surety to deposit the amount of the award or to give such security thereof as may be deemed satisfactory. When the issue is finally resolved, an employer or surety held not liable shall be reimbursed for any such payments by the employer or surety held liable and any deposit or security so made shall be returned.

be justified under the workers' compensation statutes based upon that part of the five year delay in payment of benefits which is not attributable to delay which is the responsibility of the claimant.

Costs and attorneys fees on appeal to claimant.

DONALDSON, C.J., and SHEPARD and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially, in part:

I concur in that portion of the majority opinion which affirms the Industrial Commission's ruling that Leatham Brothers fell within the definition of a statutory employer under I.C. § 72–102(10). However, the majority does not address the appellant's argument that because of the 25 shares of stock (12½ ownership) which the commission found that the claimant owned in Interstate Farmlines, Inc., his conduct was not covered employment under I.C. § 72–212(6), and therefore the claimant is not entitled to compensation. Neither the commission, nor this Court on appeal, addresses that defense raised by the appellant, even though the commission did find that the claimant held a 12½ stock ownership. At some stage in these proceedings the appellant is entitled to have his defenses considered both by the commission and by this Court.

I would remand this matter to the commission with instructions to make the necessary findings and conclusions of law relating to that defense, rather than instructing the commission on how to process the claimant's claim—something that I am sure the commission knows how to do.